UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD PITTMAN,

    Plaintiff,                            CASE NO. 07-CV-14892

v.                                        DISTRICT JUDGE JOHN CORBETT O'MEARA
                                            MAGISTRATE JUDGE CHARLES BINDER

KOLB, Officer, B. ALEXANDER,
Grievance Coordinator, J. SCIOTTI,
A Deputy Warden,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING PARTIAL SUA SPONTE DISMISSAL
UNDER 42 U.S.C. § 1915A(b)(1)**

**I.    RECOMMENDATION**

It is **RECOMMENDED** that Defendants Alexander and Sciotti be *sua sponte* dismissed for failure to state a claim upon which relief can be granted against them under 28 U.S.C. § 1915A(b)(1), but that the claims against Defendant Kolb should be allowed to proceed.

**II.    REPORT**

By order of U.S. District Judge John Corbett O'Meara, this *pro se* prisoner civil rights case was referred to the undersigned Magistrate Judge for general case management on October 16, 2007. (Dkt. 3.).[1] After screening the *pro se* complaint pursuant to 28 U.S.C. 1915A,

---

[1] After this order of reference, however, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1). (Dkt. 4.) It appears, however, that IFP status was erroneously ordered prior to the case being screened under 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels,

conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

**C.     The Complaint**

Plaintiff alleges that Defendants Alexander and Sciotti violated his constitutional rights by disallowing his grievances pursuant to his "modified access" status. (Dkt. 1, Compl. ¶¶5, 6, 13, 18, 79.)  In addition, Plaintiff alleges that Defendant Kolb had taken his food tray into the cell where the inmate has MRSA (methicillin-resistant staphylococcus aureus) and then brought it into Plaintiff's cell without even changing gloves.  Plaintiff alleges that Defendant Kolb stated, "Yeah Jewboy Pittman I'm taking your precious kosher trays to the MRSA cell with me then I'll feed you" and has (*Id.* ¶ 15, 17, 48) Plaintiff further avers that Defendant Kolb dropped food from his tray onto the dirty floor where "rodents roam" and "bacteria colonize" and then placed the food back on his tray. (*Id.* ¶12.)  Plaintiff alleges that Defendant Kolb's actions violate his Eighth Amendment rights and his First Amendment rights against retaliation. (*Id.* ¶48, 76, 78, 79.) Plaintiff asserts that he has exhausted administrative remedies. (*Id.* ¶¶54-73.)

**D.     Discussion**

**1.     Defendants Alexander and Sciotti**

Defendants Alexander and Sciotti denied Plaintiff permission to file a number of grievances regarding the danger of MRSA and other cleanliness issues pursuant to the modified access

provisions of the MDOC Policy Directive 03.02.130. There is no constitutional right to grievance procedures, nor does the Constitution protect access to any such procedures voluntarily established by the states. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, *2 (6th Cir. Feb. 7, 2000). Nor does placement on modified access status constitute an "atypical and significant" hardship on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Therefore, I suggest that Plaintiff has failed to state a claim against Defendants Alexander and Sciotti; therefore, they should be dismissed from this suit.[2]

2. **Defendant Kolb**

Plaintiff alleges that Defendant Kolb's statement that he was intentionally taking Plaintiff's tray into the cell where a MRSA infected inmate was present and his actions in doing so violated his Eighth Amendment rights and his First Amendment right against retaliation. (Dkt. 1, ¶ 15, 17, 48, 76, 78, 79.)

I suggest that Plaintiff has potentially stated a claim against Defendant Kolb based on the Eighth and First Amendments. Plaintiff has alleged that Defendant Kolb intentionally contaminated or exposed his food tray to potential contamination by taking it into the cell of an inmate who was infected with MRSA. (Dkt. 1, ¶ 15, 17, 48.)

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments

---

[2] I further suggest that if Plaintiff had averred that his placement on modified access status violated his First Amendment rights, such a claim would fail because the status does not deprive him of the ability to seek redress for meritorious grievances and placement on that status would not deter a person of ordinary firmness from engaging in protected conduct. *Mackey v. Carberry*, No. 2:07-cv-43, 2007 WL2479296, *4 (W. D. Mich. Aug. 28, 2007).

Clause of the Eighth Amendment to the Constitution. The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).

Exposure to diseases, including MRSA, may form the basis of a deliberate indifference claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)("serious communicable disease"); *Kimble v. Tennis*, No. 4:CV-05-1871, 2006 WL 1548950 (M. D. Pa. June 5, 2006)(placement of inmate who had MRSA into the general population stated an Eighth Amendment claim). Therefore, I suggest that Plaintiff has sufficiently stated a claim against Defendant Kolb under the Eighth Amendment to survive the screening process.

Plaintiff alleges that because of his grievance filed on October 16, 2007, Defendant Kolb intentionally contaminated his food tray on October 22, 2007, apparently in retaliation for having filed grievances. (Dkt. 1, ¶ 48, 17.) Retaliation based on a prisoner's exercise of his First Amendment rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). A First Amendment retaliation claim consists of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in

part by the plaintiff's protected conduct. *Id.* Since exposure to MRSA could arguably deter a person of ordinary firmness from filing a grievance, and since the alleged exposure occurred close in time to the grievance having been filed, I suggest that this First Amendment retaliation claim against Defendant Kolb is sufficient to survive the screening process.

### 3. Conclusion

For the reasons stated above, I suggest that the claims against Defendants Alexander and Sciotti be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b)(1), but that the claims against Defendant Kolb based on alleged violations of the First and Eighth Amendments should be allowed to proceed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: December 6, 2007                 United States Magistrate Judge

## **CERTIFICATION**

  I hereby certify that this Report and Recommendation was electronically filed this date, served on Gerald Pittman by first class mail, and served on U.S. District Judge O'Meara in the traditional manner.


Date:  December 6, 2007   By  s/Patricia T. Morris
              Law Clerk to Magistrate Judge Binder